Manly, J.
Upon the trial before the jury in the Superior Court, the case was. made by the parties to turn upon the enquiry, whether J. J. B. Pender had been substituted for defendant in his contract with plaintiffs, and, conseqently, whether Pender was the debtor instead of defendant. To establish the affirmative of this enquiry, the defendant introduced Pender, who, in the course of his testimony, stated that ■he had offered to pay the quarter’s dues for which this action is brought, but he had not paid it, because plaintiffs were unwilling to give him such a receipt as he wished.
*147 IJpon the cross-examination, the receipt was produced and identified as the one in question. The defendant objected to its introduction, and the over-ruling of this objection is the ground for the single exception, which appears upon the record.
The evidence is clearly admissible. The defendant attempted to show that Pender was accepted as the debtor, by show* ing that plaintiffs negotiated with him. It was surely competent for plaintiffs to show in reply, in what capacity they treated with him-. The receipt was competent for that pur* pose, as a declaration made at the time, and -constituting a part of the res gestm; and is also competent as the best evidence of a matter which the defendant had attempted to prove, viz., the purport of the receipt. In either point of view, the evidence was admissible, and there is no ground for the exception.
Per Curiam,
Judgment affirmed-.